**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01396 CMA-CBS

GLADE INSURANCE, INC.,
and LESLIE GLADE,

      Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the parties having consented to the entry of a Protective Order in this form without further notice, and the Court having found that the discovery of information that one or more parties may consider confidential or proprietary has been or may be requested in this case, and that the disclosures and distribution of such information should be reasonably restricted, the Court finds that good cause exists for entry of this Stipulated Protective Order ("this Order").

      THEREFORE, IT IS HEREBY ORDERED that the parties, their representatives, agents, experts and consultants shall be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible things that are produced, made available for inspection, disclosed or filed in this case:

      1.     The protection afforded by this Order shall in no way affect a party's right to withhold documents and information as privileged pursuant to the attorney-client

privilege, work product doctrine or any other privilege or protection or as otherwise exempted pursuant to valid objection or under Rule 26, Fed.R.Civ.P.

2. Any party may designate material as "Confidential" and be entitled to the protections in accordance with this Order. Nothing in this Order grants non-parties access to the materials produced by the parties.

3. All information that is produced, made available for inspection, disclosed or filed by the parties in the course of discovery proceedings in this action and designated "Confidential" shall not be used or disclosed except as expressly permitted hereunder.

4. A party may designate as "Confidential" any document or other discovery material that is considered to contain nonpublic proprietary and/or business information that is confidential and commercially sensitive in nature, or in which the producing party has a good-faith belief that said information is nonpublic, or is proprietary or personal to the designating party (or to a person to whom or which the party owes a duty of confidentiality). "Confidential Information," as used herein, shall refer to any document designated "Confidential," other discovery materials so designated (including deposition transcripts as specified below), and all copies and extracts thereof, and shall also refer to the information contained therein. Discovery materials may be designated "Confidential" by stamping or otherwise marking "Confidential" on each page of the material in a manner that will not interfere with its legibility or by other means agreed upon by the parties. **A party's designation of discovery materials as "Confidential" will be subject to the certification requirement in Fed. R. Civ. P. 26(g).**

5.   If a party produces material that is entitled to be designated as "Confidential," but inadvertently fails to designate it as "Confidential," that party may subsequently designate such material as "Confidential," and such material then will be treated as "Confidential" pursuant to this Order.

6.   Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

   a.   the parties and the attorneys for the parties in this action (including in-house counsel) and their paralegals, clerical and other assistants who have a clear need therefore in connection with this action;

   b.   persons retained by the parties or counsel for the parties to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form attached hereto as Exhibit B attesting that they have read this Order and agree to be bound by its terms;

   c.   stenographers engaged to transcribe depositions or other testimony conducted in this action;

   d.   the Court and its support personnel; and

   e.   a witness during the course of that witness's testimony or preparation therefore, provided such persons have signed a declaration under penalty of perjury in the form attached hereto as Exhibit A attesting that they have read this Order and agree to be bound by its terms.

7.      During any deposition noticed in connection with this case, a witness or any counsel may state on the record that a question calls for or an answer has disclosed Confidential Information.  Such Confidential Information may be so designated either:

a.      during the deposition.  Upon such designation, counsel may request all persons, except persons entitled to receive Confidential Information pursuant to this Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.  The transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information" by the reporter; or

b.      by written notice to all counsel of record, given within twenty (20) calendar days after receipt of the transcript.

8.      Persons described in paragraph 6 above shall be restricted to using Confidential Information only for purposes directly related to this action and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose.  Photocopies of documents containing such information shall be made only to the extent necessary to facilitate those uses permitted by this Order.

9.      Prior to any disclosure of Confidential Information to any person retained as an expert and/or consultant pursuant to subparagraph 6(b) above, counsel retaining such person shall cause such person to read this Order and sign a declaration in the form attached hereto as Exhibit A.  Counsel shall retain the signed declaration, hold it in

escrow, and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial, or at the conclusion of the case, whichever comes first.

10. The parties agree that they will use their best efforts to disclose or include Confidential Information in documents submitted to the Court only when absolutely necessary, and agree, where possible, to redact Confidential Information, or to designate only the confidential portions of filings with the Court to be filed under seal. Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information shall be filed with a Motion to Seal in accordance with D.C.Colo.L.R. 7.2. Documents designated as "Confidential" should be filed in accordance with the Court's "Electronic Case Filing Procedures for the District of Colorado (Civil Cases)" Version 4.0 (effective December 1, 2010), Section VI at 22-24.

11. In the event that the requesting party disagrees with the designation by the producing party of any document or discovery materials as "Confidential," the requesting party's counsel shall advise counsel for the party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within ten (10) days of receiving this written objection, the party shall advise whether the "Confidential" designation or redaction will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise as the Court directs. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information, subject to the provisions of this Order.

12.     Within thirty (30) days of the resolution of this action by settlement or judgment, all documents and discovery materials designated "Confidential" and any copies thereof shall be promptly returned to the party or, with and upon the prior consent of said entity, destroyed, provided that the requesting party certifies in writing that all designated documents and materials have been destroyed.  Attorney work product containing or reflecting Confidential Information need not be transmitted to the party, but may be destroyed instead at the election of the party that creates such work product.  Counsel for each party may retain one set of said documents and discovery materials, and any materials filed with the Court.

13.     Nothing contained herein shall preclude any party from using his, her or its own confidential information, documents or materials in any manner he, she or it sees fit, or from revealing such confidential information, documents or discovery materials to whomever he, she or it chooses, without the prior consent of any other party or the Court.

14.     Notwithstanding anything to the contrary that may be set forth herein, each party shall have the right to object to any discovery or to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential, proprietary or privileged material.  This Order shall not be construed to require any party to produce any documents or information not otherwise relevant, material, non-privileged and the appropriate subject of discovery in this action.

15.     If any party or counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms,

governmental agencies, departments or bodies, boards or associations) seeking production of any other party's Confidential Information, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight delivery and/or e-mail to counsel for all other parties, identifying the materials sought and enclosing a copy of the subpoena or other process.  In no event shall production or other disclosure be made before counsel has been given the aforementioned notice and has had an opportunity to quash such subpoena.

16. The provisions of this Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder, absent written permission or further order of the Court, shall survive and continue to be binding after the conclusion of this action.  This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

**SO ORDERED** this 13th day of January, 2011.

BY THE COURT:

s/ Craig B. Shaffer
Unites States District Court Magistrate Judge

DATED this 30th day of December 2010.

**STIPULATED AND AGREED BY**:

| | |
|---|---|
| THE LAW OFFICE OF HARVEY J. WILLIAMSON, LLC | BALLARD SPAHR LLP |
| By:  *s/ Harvey J. Williamson*<br>     Harvey J. Williamson, #28894<br>     445 Union Boulevard, Suite 100A<br>     Lakewood, CO  80228<br>     (303) 716-9666<br>     harvey@hjwlaw.com | By    *s/ Patrick Pugh*<br>     Patrick H. Pugh, #36774<br>     1225 17th Street, Suite 2300<br>     Denver, Colorado  80202<br>     (303) 292-2400<br>     pughp@ballardspahr.com |
| **ATTORNEYS FOR PLAINTIFFS** | Daniel V. Johns<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103<br>Phone:  215-665-8500<br>Facsimile:  215-864-8999<br>johns@ballardspahr.com |
| | **ATTORNEYS FOR DEFENDANT** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December 2010, I served a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** via the CM/ECF Electronic Filing System, by sending notification of such filing to the following:

> Harvey J. Williamson, Esq.
> The Law Office of Harvey J. Williamson, LLC
> 445 Union Boulevard, Suite 100A
> Lakewood, CO  80228
> harvey@hjwlaw.com

*s/ Robin Myers*
Robin Myers

9

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-01396 CMA-CBS

GLADE INSURANCE, INC.,
and LESLIE GLADE,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____

**DECLARATION**
_____

The undersigned hereby declares under penalty of perjury that he or she has read the Stipulated Protective Order (the "Order") entered in the United States District Court for the District of Colorado in the above-captioned action, understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to the undersigned other than in strict compliance with the Order. The undersigned agrees to be subject to the personal jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing compliance with the Order. The undersigned acknowledges that any violation of the Order may be deemed a contempt of that Court.

DATED: _____       _____
Name: